F. H. COLEMAN, ALIAS SHINE COLEMAN, v. THE STATE.

No. 15615.   Delivered February 15, 1933.
Reported in 57 S. W. (2d) 162.

The opinion states the case.

*R. A. Wilson* and *Thomerson & Wilson,* all of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, four years in the penitentiary.

The testimony of Mr. Callis that he purchased two gallons of whisky from appellant is clear and direct. Appellant gave said witness a very vigorous cross-examination, evidently for the purpose of reflecting upon his credibility. Witness admitted that he was working for the sheriff, and was employed for the purpose of endeavoring to break up illegal liquor selling. He admitted that he paid for the whisky with money furnished him by the sheriff. He also admitted that he had been charged with various and sundry offenses.

Appellant offered a number of witnesses who testified to an alibi, which raised a question for the jury, and they have decided same against appellant's contention.

We find in the record seven bills of exception. The first complains of testimony of the sheriff who was asked by the prosecuting attorney if he had not had occasion in recent months to go to appellant's house. The question was objected to as going into extraneous matters and transactions, but, when overruled, the witness answered that he had been to appellant's house two or three times in recent months. It is shown by bill of exception No. 2 that, immediately after the witness had testified as complained of in bill of exception No. 1, the prosecuting attorney asked the sheriff, "what was your business over there?" meaning at appellant's house, and that, before objection could be made, the sheriff answered, "To make searches." Appellant's objection to this was sustained, and at his request the court instructed the jury not to consider the question or answer. Bill of exception No. 3 shows that, after these occurrences had taken place in the presence of the jury, complaint of which was made in bills of exception Nos. 1 and 2, that the sheriff was asked by the prosecuting attorney, "Have you not in recent months had occasion to warn this defendant about selling whisky?" The bill certifies that again before appellant's counsel could state his objection the witness answered, "Yes, I have." The bill shows that when the objection was made to this matter the court sustained it, and further instructed the jury not to consider the testimony. Bill of exception No. 4 sets out that, after the things had occurred as presented in bills 1, 2, and 3, the prosecuting attorney asked the sheriff, "About May the 1st, state whether or not you did suggest to Boley Callis to go over there and see Shine Coleman, and get some whisky." The bill recites that appellant objected to this, and that the ob-

jection was overruled, and witness was permitted to answer, and did answer, "I did."

It is very difficult for us to see how the above occurrences could have failed of having a very injurious effect upon the rights of this appellant before the jury. Charged with selling intoxicating liquor, and relying upon an alibi, appellant was compelled to stand trial before a jury who heard their sheriff testify that he had on different occasions warned appellant against selling whisky; also that their sheriff had on different occasions gone to appellant's house to make searches, by which the ordinary citizen, in a case like this, would have unquestionably understood that he had gone to appellant's house frequently to search for intoxicating liquor. We could not say at all that this testimony did not prejudicially hurt appellant's rights, inasmuch as the jury gave him a sentence of four years, or three years more than the minimum.

We further note that bill of exception No. 6 complains of the fact that the district attorney in his argument to the jury said: "Your sheriff, Harve Foust, didn't send Boley Callis out there to get whisky from this defendant unless he had plenty of reason to know that Boley Callis could buy liquor there." This argument was objected to, and at the request of appellant the court instructed the jury not to consider same. At another time in his argument the prosecuting attorney said: "It doesn't require any stretch of imagination for you to know that Mr. Foust, your sheriff, must have known what he was doing when he sent Boley Callis out there," and this argument was objected to also. It is greatly to be regretted that conduct and occurrences such as above referred to should have been indulged in the trial of one who, no matter how guilty he may have been, had the right to be tried upon the facts and the law and not have his case prejudiced by improper argument or testimony. The trial judge seems to have tried to prevent same.

The judgment will be reversed, and the cause remanded.

*Reversed and remanded.*