## CLOVIS STAFFORD v. THE STATE.

No. 16208.   Delivered January 10, 1934.
Reported in 67 S. W. (2d) 285.

The opinion states the case.

*Olinthus Ellis*, of Amarillo, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of theft under $50.00 and over the value of $5.00, and his punishment assessed at confinement in the county jail for a term of 90 days and a fine of $50.00.

The facts as established upon the trial are substantially as follows: On or about the first day of May, A. D., 1932, J. E. Dickinson missed a lister from his field in Randall County, Texas. He did not know who took it but he saw it some time later in the month of July at the home of Clovis Stafford, the defendant, in Parmer County, Texas. He did not give his consent to Clovis Stafford or anyone else to take the lister from his farm. The lister was of a reasonable market value of from ten to twenty-five dollars. The defendant testified in his own behalf that he purchased the lister from his father for the sum of $4.00, and the father of the defendant testified that the lister and a harrow were brought to his place by his sons Alex and L. J. Stafford; that they had long been in the business of trading and he, the father, was under the impression that said two sons had acquired said lister and harrow in a trade as they made frequent trades in which they accepted things of that kind and left them with him to be disposed of and that when his son Clovis came on a visit to his home and saw the lister he wanted to buy it, and he, the father, sold it to Clovis for the sum of $4.00.

By bill of exception No. 1 the appellant complains of the action of the trial court in permitting the state to prove by Mr. Dickinson that he was present at the home of the defendant when the defendant was brought handcuffed to his home by the deputy sheriff; that on said occasion the defendant's wife said: "You see, I told you you would get into trouble over this farm machinery just as you did over the horse you were charged with stealing in Potter County. I told you not to have anything to do with this nor the horse and now they have you again." The appellant objected to this testimony on the ground, first, that it was hearsay, and, second, that it made the wife of the defendant a witness against him which is contrary to the statutes. The court sustained said objection and instructed the jury not to consider it. We are of the opinion that this was such flag-

rant violation of the law and of such a very prejudicial nature that the court could not withdraw it from the minds of the jury. Every defendant is entitled to a fair trial and when such unfair methods are employed, as disclosed by the bill of exception, it cannot be said that the defendant has had a fair trial.

By bill of exception No. 2 the appellant complains of the action of the trial court in permitting the county attorney, while cross-examining the defendant, to ask him the following question: "If you say that you are not guilty of stealing this lister from Mr. Dickinson, then if you are not guilty why did you offer to me to plead guilty to this charge you are now on trial for if I would dismiss another misdemeanor theft case pending in this court against you?", to which the defendant objected because it was improper, because it was seeking to introduce a confession of guilt contrary to the provisions of the law with reference to confessions, and because it was highly prejudicial to his rights and in contravention of the well known policy of the law that offers of settlement or compromise should not be introduced against the party offering the same, which objections were by the court sustained and the jury instructed to disregard the same. This court has held in the case of Dean v. State, 161 S. W., 974, that such matter is not admissible.

By bill of exception No. 3 the appellant complains of the action of the trial court in permitting the county attorney to ask the defendant on cross-examination the following question: "Is it not a fact that while on the way with the deputy sheriff, Bob Barnett, from Farwell, Texas, where you were arrested, and while he was taking you to your home in Parmer County, Texas, that you told him that you had bought the lister near Amarillo in Potter County, Texas, and which statement was not true?", to which the defendant objected because it was improper and for the further reason that it was seeking to introduce a statement alleged to have been made by the defendant while he was under arrest and in custody of an officer and which statement was not in writing and was not made in compliance with the provisions of the law relating to voluntary confessions, which objection was sustained by the court and the jury instructed not to consider the same.

By bills of exception 4 and 5 the appellant complains of the action of the trial court in refusing to submit to the jury his special requested charges instructing the jury not to consider any of the matters set forth in bills of exception 1, 2, and 3. The court in his charge, among other things, charged the jury as follows: "If you believe or have reason to believe that Clovis Stafford acquired the lister, which has been identified as the

property of Mr. Dickinson, from his father, W. G. Stafford, without knowing the same had been stolen, then you will acquit the defendant," to which said charge the defendant in due time objected because it placed a greater burden upon him than the law required him to carry and requested the court to give the following special charge, to-wit: "You are instructed that if you believe from the evidence, or have a reasonable doubt thereof, that the defendant, Clovis Stafford, acquired the lister, which has been identified as the property of Mr. Dickinson, from his father, W. G. Stafford, without knowing the same had been stolen, then you will acquit the defendant and say by your verdict not guilty," which charge the court refused to give and also refused to amend or correct his charge which was objected to. We believe that the appellant's contention is correct and the same must be sustained as the charge clearly places a greater burden upon the defendant than the law requires him to carry.

It appears that the state's counsel asked improper questions soliciting improper answers and placed before the jury testimony which was objectionable. State's counsel in the prosecution of cases should not produce before the jury evidence known to be not admissible and then seek to relieve the state of liability in the matter by having the testimony withdrawn from the jury's consideration. In support of the views herein expressed we refer to the following authorities, to-wit: Coleman v. State, 57 S. W. (2d) 162; Hatton v. State, No. 16,366, decided by this Court on December 20, 1933, but not yet reported.

We believe that the matters complained of are of such a prejudicial nature as to require a reversal of this case. Wherefore, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.