**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Bobby Lee BROOKS, Defendant-Appellant.**

**No. 75–1332.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 16, 1976.

Decided June 21, 1976.

As Amended on Denial of Rehearing Sept. 22, 1976.

**1138**

Bill W. Petty, Knoxville, Tenn. (Court appointed), for defendant-appellant.

John L. Bowers, U. S. Atty., W. Thomas Dillard, Knoxville, Tenn., for plaintiff-appellee.

Before EDWARDS and McCREE, Circuit Judges, and McALLISTER, Senior Circuit Judge.

EDWARDS, Circuit Judge.

Appellant Brooks was convicted after jury trial on a charge of theft of a check from the mails and unlawful possession of it, in violation of 18 U.S.C. § 1708 (1970). At the trial government evidence included the following: Mae F. Henry testified she

was the addressee of a check from the Tennessee State Welfare Department which never arrived. The letter carrier concerned testified that on November 7, 1973, he delivered the check to the address on the envelope and that he heard a woman (unidentified) say: "That fellow is getting the mail out of the box over there. The guy getting into the taxicab"; whereupon the mail carrier noted down the number of the taxicab, checked the mail box and found that the letter he had delivered was gone. The taxicab driver testified that he picked up appellant and one Flynn in the general vicinity where the check had been stolen and drove them to a bank where he saw Flynn cash a check. The Postal Inspector in charge of this case testified that he received a telephone call from appellant in which appellant offered to plead guilty (although appellant preceded this with a protestation of innocence) if he were given a maximum of two years. A fingerprint expert also testified for the government that he thought a latent fingerprint on the check belonged to appellant.

The evidence summarized above was clearly sufficient to support the jury's finding of guilty, and we find no error in the District Judge's rulings thereon, except as to the testimony of the postal inspector. Offers to plead guilty are now generally considered a part of plea negotiations and are ordinarily inadmissible.[1] New federal rules spell this out in definitive language:

> Except as otherwise provided in this paragraph, evidence of a plea of guilty, later withdrawn, or a plea of nolo contendere, or of an offer to plead guilty or nolo contendere to the crime charged or any other crime, or of statements made in connection with, and relevant to, any of the foregoing pleas or offers, is not admissible in any civil or criminal proceeding against the person who made the plea or offer. However, evidence of a statement made in connection with, and rele-

---

1. The state courts have divided on this issue. The following cases have held such offers inadmissible: *State v. McGunn,* 208 Minn. 349, 294 N.W. 208 (1940); *Moulder v. State,* 289 N.E.2d 522 (Ind.Ct.App.1972); *Stafford v. State,* 125 Tex.Cr.R. 174, 67 S.W.2d 285 (1934); *Bennett v. Commonwealth,* 234 Ky. 333, 28 S.W.2d 24 (1930). *But see State v. Christian,* 245 S.W.2d 895 (Mo.1952).

vant to, a plea of guilty, later withdrawn, a plea of nolo contendere, or an offer to plead guilty or nolo contendere to the crime charged or any other crime, is admissible in a criminal proceeding for perjury or false statement if the statement was made by the defendant under oath, on the record, and in the presence of counsel. Fed.R.Crim.P. 11(e)(6).

Clearly, of course, this rule was not in force at the time of this trial. But the rule merely represents culmination of a long existent trend which did antedate appellant's trial.

The *A.B.A. Standards Relating to Pleas of Guilty* contain the following standard relating to plea bargaining:

> Discussion and agreement not admissible.
>
> Unless the defendant subsequently enters a plea of guilty or nolo contendere which is not withdrawn, the fact that the defendant or his counsel and the prosecuting attorney engaged in plea discussions or made a plea agreement should not be received in evidence against or in favor of the defendant in any criminal or civil action or administrative proceedings.
>
> *A.B.A. Standards Relating to Pleas of Guilty* § 3.4 (1968).

This was followed by Supreme Court endorsement of plea bargaining in *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971):

> The disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called "plea bargaining," is an essential component of the administration of justice. Properly administered, it is to be encouraged. If every criminal charge were subjected to a full-scale trial, the States and the Federal Government would need to multiply by many times the number of judges and court facilities.
>
> Disposition of charges after plea discussions is not only an essential part of the process but a highly desirable part for many reasons. It leads to prompt and largely final disposition of most criminal cases; it avoids much of the corrosive

impact of enforced idleness during pretrial confinement for those who are denied release pending trial; it protects the public from those accused persons who are prone to continue criminal conduct even while on pretrial release; and by shortening the time between charge and disposition, it enhances whatever may be the rehabilitative prospects of the guilty when they are ultimately imprisoned.
>
> See *Brady v. United States*, 397 U.S. 742, 751–752, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).
>
> *Santobello v. New York, supra* at 260–61, 92 S.Ct. at 498.

Subsequent to *Santobello* two Courts of Appeals have squarely held that offers to plead guilty in the course of plea bargaining were inadmissible in a subsequent trial. *United States v. Smith*, 525 F.2d 1017 (10th Cir. 1975); *United States v. Ross*, 493 F.2d 771 (5th Cir. 1974).

In the *Ross* case the Fifth Circuit said:

> If, as the Supreme Court said in *Santobello*, plea bargaining is an essential component of justice and, properly administered, is to be encouraged, it is immediately apparent that no defendant or his counsel will pursue such an effort if the remarks uttered during the course of it are to be admitted in evidence as proof of guilt. Moreover, it is inherently unfair for the government to engage in such an activity, only to use it as a weapon against the defendant when negotiations fail.
>
> The testimony concerning the discussion between the agent and Ross should not have been admitted. It should not have been made the subject of comment in the closing argument.
>
> For this the convictions must be reversed and remanded for a new trial. *United States v. Ross, supra* at 775.

We agree with the language just quoted and add that even an attempt to open plea bargaining (which is what we have in this case) should be covered under the same rule of inadmissibility.

We cannot say that admission of appellant's offer was harmless. *See* Fed.R. Crim.P. 52(a).

The judgment of the District Court is vacated and the case is remanded for a new trial.