**CUPAC, INC., Plaintiff,**

v.

**MID–WEST INSURANCE AGENCY, INC., et al., Defendants.**

**No. C–3–83–135.**

United States District Court, S.D. Ohio, W.D.

Dec. 28, 1983.

Francis S. McDaniel, Dayton, Ohio, for plaintiff.

Robert J. Fogarty, Cleveland, Ohio, for defendants Mid-West Ins. Agency and Richard R. Bundschuh.

Charles J. Faruki, Dayton, Ohio, and Lawrence Pollack, New York City, for defendants Lloyd's of London and Sovereign Marine & Gen. Ins. Co., Ltd.

DECISION AND ENTRY OVERRULING MOTION FOR A PROTECTIVE ORDER BY DEFENDANTS MID–WEST INSURANCE AGENCY, INC. AND RICHARD E. BUNDSCHUH

RICE, District Judge.

This cause is before the Court on a motion for a protective order filed by Defendants Bundschuh and Mid-West Insurance Agency, Inc. ("Mid-West"), hereinafter referred to collectively as moving Defendants.

The circumstances giving rise to this action may be stated briefly. Plaintiff alleges that Bundschuh, the president and principal shareholder of Mid-West, conducted a scheme to defraud Plaintiff. Plaintiff asserts that Bundschuh, acting on behalf of Mid-West, submitted to it at least 362 applications for insurance premium loans. The proceeds of these loans were to be used by insureds to pay insurance premiums. However, Plaintiff continues, the applications were forged by Bundschuh, or others at his direction, and he retained the proceeds from loans made by the Plaintiff. As a result, Plaintiff claims that it lost in excess of $1.7 million. Plaintiff contends that Defendant Lloyd's of London ("Lloyd's") and Defendant Sovereign Marine and General Insurance Company, Ltd. ("Sovereign") are liable because Mid-West was their agent and the insurance policies, for which Plaintiff made loans, were allegedly underwritten by them. Plaintiff does not allege that either Lloyd's or Sovereign was in any way a part of Bundschuh's scheme to defraud it.

Shortly after this action was initiated, a criminal complaint was filed against Bundschuh in state court. The complaint charged Bundschuh with grand theft and evolved from the same incidents upon which this' action is based. Thereafter, Bundschuh filed a motion for a protective order in this case, seeking to delay discovery until the conclusion of the pending criminal proceedings. Bundschuh argued that continued discovery would implicate his Fifth Amendment right to be free from self-incrimination. Before the Court ruled on that motion for a protective order, Bundschuh, on July 5, 1983, entered no contest pleas to a three count information filed against him in the Court of Common Pleas for Miami County, Ohio. As a result, Bundschuh withdrew the motion, and discovery progressed.

On November 10, 1983, moving Defendants noticed the deposition of Donald "Tony" White, the Piqua, Ohio, police chief.

Contemporaneously, moving Defendants filed the motion for the protective order presently at issue. By this motion, they seek a protective order prohibiting Plaintiff, Lloyd's and Sovereign from "discovering any communications or statements made by Richard E. Bundschuh in connection with or related to his offer to plead and plea of no contest in Criminal Case No. C–83–CR–173, Miami County Common Pleas Court."

In their memorandum in support of this motion, moving Defendants state that Bundschuh and his attorney's met with an assistant county prosecutor and Chief White to negotiate a plea. At the conclusion of this meeting, Bundschuh agreed to plead no contest to three felony counts and to answer any questions that the Piqua Police Department might wish to ask. Further, moving Defendants state that in exchange for Bundschuh's agreement to plead no contest and to answer the police department's questions, it was agreed that Bundschuh's answers to these questions would not be revealed to any one. Subsequently, when Judge Kistler accepted Bundschuh's plea, the moving Defendants conclude, he approved this arrangement. Based upon these circumstances, moving Defendants argue that Bundschuh answered the questions in the course of plea discussions and his plea of no contest. Therefore, the argument proceeds, Rule 410 of the Federal Rules of Evidence will prohibit the admission of Bundschuh's answers at trial.

For purposes of ruling upon this motion, the Court will assume that moving Defendants' premise, with regard to the *inadmissibility* of this evidence under Rule 410, is correct. However, moving Defendants substantially misperceive the scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure; consequently, they are not entitled to the requested protective order.

The scope of discovery under the Federal Rules of Civil Procedure is broad. *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 391, 91 L.Ed. 451 (1947); *United States v. Leggett & Pratt, Inc.,* 542 F.2d 655, 657 (6th Cir.1976); 4 Moore's Federal Practice ¶ 26.-56[1]. Rule 26(b) delineates the general scope of discovery and provides:

(b) Scope of Discovery. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

(1) *In General.* Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

■ Thus under Rule 26(b)(1), the test is not whether the information sought will be admissible, but rather whether it "appears reasonably calculated to lead to the discovery of admissible evidence." See *Mellon v. Cooper-Jarrett, Inc.,* 424 F.2d 499 (6th Cir.1970); *Fannin v. Baltimore & Ohio Railroad Co.,* 253 F.2d 173, 177 (6th Cir.1958); *Bowman v. General Motors Corporation,* 64 F.R.D. 62 (E.D.Pa.1974); 4 Moore's Federal Practice ¶ 26.56[4].

■ In applying these standards to the motion at issue, the Court notes that the inadmissibility of Bundschuh's answers under Rule 410 is not a sufficient basis for denying discovery of them. While the Court does not have the statements before it, some relate to the criminal investigation into the same scheme that resulted in this action. Under these circumstances, the Court concludes that these statements appear "reasonably calculated to lead to the discovery of admissible evidence."

■ Moving Defendants also suggest that the requested protective order is necessary to continue Bundschuh's plea agree-

ment which was accepted by Judge Kistler. This is not a sufficient reason to justify a protective order. An agreement entered into in state court could not bind this Court. *Cf. Donovan v. City of Dallas,* 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964) (state court may not enjoin the prosecution of an *in personam* action in federal court.); *General Atomic Co. v. Felter,* 434 U.S. 12, 98 S.Ct. 76, 54 L.Ed.2d 199 (1977) (same).

Based upon the foregoing, the Court overrules moving Defendants' motion for a protective order. In so ruling, the Court does not suggest that any of these statements will be admissible. Likewise, the Court does not suggest the contrary. Such a decision must await trial.