THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KEVIN TENNIN, Defendant-Appellant.

Second District   No. 83—372

Opinion filed April 24, 1984.—Rehearing denied May 31, 1984.

G. Joseph Weller, Paul J. Glaser, and Nicholas J. Kritikos, all of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (Phyllis J. Perko and Sally A. Swiss, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:

Defendant, Kevin Tennin, appeals from his conviction, after a jury trial, for the offense of attempt (burglary) (Ill. Rev. Stat. 1981, ch. 38, par. 8—4(a)). He was sentenced to a five-year term of imprisonment.

Defendant raises the following issues on appeal: (1) whether he was denied a fair trial because of the introduction into evidence of a plea-related discussion, and (2) whether the trial court erred in permitting defendant's impeachment with a prior burglary conviction.

Defendant and another person were found on the second-floor landing of an outside staircase at the rear of Rosales' Bar in Waukegan, Illinois, at approximately 1 a.m. on January 21, 1983, by police who were dispatched to a possible burglary. The arresting officer observed that insulation had been pulled from the housing around two vents on the outside of the rear portion of the building. The vents led into the bar. A hammer was found on the ground near these vents. The owner of the bar testified that the appearance of the vents with the insulation pulled out was different from their appearance prior to the date of defendant's arrest.

Detective Steven Anderson interviewed defendant after defendant had been read the *Miranda* warnings. Anderson testified that defendant initially told Anderson that defendant was behind the bar "to meet some lady" at the time of his arrest. Anderson testified that after he told defendant that that was not true, defendant gave an oral and a written statement admitting he had taken the insulation from around the vents with the intention of getting inside the bar and taking some money.

Defendant testified at trial that he was behind the building at the time because he went to that vicinity to get into a fight with the brother of a woman who lived next to the bar, and that he told Anderson this. He testified that Detective Anderson told him he did not believe him, and Anderson threw a chair, struck, kicked and choked him, and that he gave the inculpatory statement so Anderson would not continue to hit him. Anderson denied these allegations on rebuttal.

Defendant first contends that certain testimony given by Ander-

son on rebuttal concerned an inadmissible plea-related statement made by defendant. He maintains that the admission of this testimony was in violation of Supreme Court Rule 402(f) (87 Ill. 2d R. 402(f)), and that it denied him a fair trial. The challenged testimony occurred in response to the prosecutor's question concerning when Anderson had talked with defendant about a person named "Pena Boy," who was suspected of an unrelated crime. Anderson answered the question by saying:

> "After I gave him the statement and we were bringing him back to the cell, he stated did I know Pena Boy and I said yes. I said, 'Where is he at?' He said, 'I want to make a deal.' I said, 'I don't make deals.' "

Defendant moved for a mistrial at this point. The trial court denied this motion.

The State on appeal has chosen not to argue that this statement of defendant's to Anderson was not plea-related. It contends instead that assuming, pursuant to *People v. Friedman* (1980), 79 Ill. 2d 341, 403 N.E.2d 229, the statement "was an offer to bargain and, therefore, was an inadmissible plea-related statement," the admission of the statement was harmless error.

Supreme Court Rule 402(f) provides:

> "If a plea discussion does not result in a plea of guilty, or if a plea of guilty is not accepted or is withdrawn, or if judgment on a plea of guilty is reversed on direct or collateral review, neither the plea discussion nor any resulting agreement, plea, or judgment shall be admissible against the defendant in any criminal proceeding." (87 Ill. 2d R. 402(f).)

The purpose of the rule is to encourage the negotiated disposition of criminal cases through elimination of the risk that the accused enter plea discussion at his peril. (*People v. Friedman* (1980), 79 Ill. 2d 341, 351, 403 N.E.2d 229.) The test for determining whether a statement is plea-related is whether the accused exhibited a subjective expectation to negotiate a plea and whether this expectation was reasonable under the totality of the objective circumstances. (*People v. Friedman* (1980), 79 Ill. 2d 341, 351, 403 N.E.2d 229.) This determination must be made from the particular facts of each case. (*People v. Friedman* (1980), 79 Ill. 2d 341, 352, 403 N.E.2d 229.) In *Friedman* our supreme court held that defendant's inquiry about "making a deal" and his stating generally the terms upon which he would be willing to bargain, was a plea-related statement and, therefore, was inadmissible. 79 Ill. 2d 341, 403 N.E.2d 229.

The troublesome question before us, which we must first address

even though not argued by the State, is whether defendant's nonspecific statement that "I want to make a deal," which Detective Anderson rejected, can be characterized as plea-related and therefore inadmissible under Rule 402(f). In contrast to the statements by the defendant in *Friedman* where the terms upon which defendant would be willing to bargain were generally stated, the statement by the defendant in the case at bar does not indicate an explicit offer to plead guilty.

In cases where the court found a statement inadmissible as plea-related, each defendant clearly sought a concession in return for his guilty plea. (*People v. Friedman* (1980), 79 Ill. 2d 341, 403 N.E.2d 229; *People v. Hill* (1980), 78 Ill. 2d 465, 401 N.E.2d 517; *United States v. Herman* (5th Cir. 1977), 544 F.2d 791; *United States v. Brooks* (6th Cir. 1976), 536 F.2d 1137.) However, other decisions have held that where the defendant has not made manifest his plea offer, a statement cannot be characterized as part of plea discussion. *United States v. Pantohan* (9th Cir. 1979), 602 F.2d 855; *United States v. Robertson* (5th Cir. 1978), 582 F.2d 1356; *United States v. Levy* (2d Cir. 1978), 578 F.2d 896; *Commonwealth v. Calloway* (1983), ___ Pa. Super. ___, 459 A.2d 795; see also *People v. Austin* (1984), 123 Ill. App. 3d 788.

Our supreme court stated in *Friedman* as follows:

"Where a defendant's subjective expectations are not explicit, the objective circumstances surrounding defendant's statement take precedence in evaluating defendant's subsequent claim that the statement was plea related. Before a discussion can be characterized as plea related, it must contain the rudiments of the negotiation process, *i.e.*, a willingness by defendant to enter a plea of guilty in return for concessions by the State. [Citations.]" (*People v. Friedman* (1980), 79 Ill. 2d 341, 353, 403 N.E.2d 229.)

Defendant's subjective expectations in the case at hand are not explicit when we look to his sole statement in the record concerning negotiation, *i.e.*, "I want to make a deal." After Detective Anderson testified to this statement, defendant did not seek to explain outside the presence of the jury what his state of mind was in making this statement. Although an accused's subsequent account of his prior subjective mental impression cannot be the sole determinative factor (*United States v. Robertson* (5th Cir. 1978), 582 F.2d 1356, 1366), it is a factor that can be considered in determining his subjective intent. Since defendant's subjective expectations are not explicit, we must focus on the objective circumstances surrounding defendant's statement

to determine if it is plea-related.

■ In this regard, we are guided by our supreme court's pronouncement in *Friedman* that "[b]efore a discussion can be characterized as plea related, it must contain the rudiments of the negotiation process, *i.e.*, a willingness by defendant to enter a plea of guilty in return for concessions by the State." (*People v. Friedman* (1980), 79 Ill. 2d 341, 353, 403 N.E.2d 229.) Defendant here has not made manifest any indication to plead guilty or what the terms are under which he would be willing to bargain. We cannot assume that every statement by a defendant to the effect of "making a deal" is plea-related. There are other possible explanations underlying a motivation to make a "deal," such as a defendant negotiating for his release without a cash bond or on a low bond, or the dropping of charges against him in return for information he might supply. Not all statements made in hopes of some concession are necessarily plea discussions. (*People v. Victory* (1981), 94 Ill. App. 3d 719, 722, 419 N.E.2d 73.) On this record, defendant has not demonstrated a subjective expectation to negotiate a plea and we find no error in admission of his statement. See *People v. Austin* (1984), 123 Ill. App. 3d 788.

In making this determination, we do so under the particular facts of this case mindful of the salutary purpose of Rule 402(f) in protecting a defendant from adverse inferences based upon statements made in circumstances in which the accused is seeking to negotiate a plea agreement. The plea negotiation process is significant to the administration of justice and is encouraged by Rule 402(f) through elimination of the risk that the accused enter plea discussion at his peril. We emphasize that we do not require a formal ritualistic expression of intent to enter plea negotiations by the accused, but under the facts here the defendant's statement cannot fairly be characterized as part of a plea discussion.

■ Defendant also contends that the trial court erred in permitting the State to impeach him by introduction into evidence of his prior 1981 burglary conviction. Defendant contends that the trial court either failed to exercise discretion by balancing the probative value of the impeachment evidence against the prejudicial impact of this evidence, or, if it did exercise discretion, abused that discretion in allowing the impeachment evidence.

From our review of the record, it is evident that the trial judge did exercise discretion and weigh the probative value against the danger of unfair prejudice. Defense counsel, in arguing the motion *in limine* to bar the prior conviction, referred to the court's "sound discretion" in making its decision on the motion. It is also clear from the

court's comments that it conducted the balancing test. Next, the burden is on the defendant to demonstrate prejudice by admission of this evidence (*People v. Leonard* (1980), 83 Ill. 2d 411, 423, 415 N.E.2d 358), and the trial court will not be reversed unless there is an abuse of its discretion. *People v. McKibbins* (1983), 96 Ill. 2d 176, 188-89, 449 N.E.2d 821.

In *People v. McKibbins* (1983), 96 Ill. 2d 176, 449 N.E.2d 821, the court noted that *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695, refers to four factors to be considered in determining whether the probative value is substantially outweighed by the unfair prejudice: (1) the nature of the crime; (2) nearness or remoteness; (3) subsequent career of the person; and (4) whether the crime was similar to the one charged. (*People v. McKibbins* (1983), 96 Ill. 2d 176, 188, 449 N.E.2d 821.) Application of the factors articulated in *Montgomery* to the facts in the record clearly supports the trial court's decision. See *People v. Hall* (1983), 117 Ill. App. 3d 788, 798-99, 453 N.E.2d 1327; *People v. Minor* (1983), 115 Ill. App. 3d 1046, 1050, 451 N.E.2d 1011.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

HOPF and VAN DEUSEN, JJ., concur.