**FIRST NATIONAL BANK**

v.

**FIRST FINANCIAL OF LA., et al.**

**Civil Action No. 92–2076.**

United States District Court,
E.D. Louisiana.

April 9, 1996.

Thomas J. Lutkewitte, Favret, Demarest, Russo & Lutkewitte, New Orleans, LA, for plaintiff Hibernia National Bank, formerly First National Bank.

David S. Bell, Bell, Cooper & Hyman, Baton Rouge, LA, for defendant Fidelity & Deposit Company of Maryland.

Emmett C. Sole, William B. Monk, Stockwell, Sievert, Viccellio, Clements & Shaddock, Lake Charles, LA, for defendant American Casualty Company of Reading, Pennsylvania.

Sidney H. Cates, IV, Rebecca J. King, Carter & Cates, New Orleans, LA, Terrel J. Broussard, Bryan & Jupiter, New Orleans, LA, for defendant Resolution Trust Corporation.

Frank Gerald DeSalvo, Frank G. DeSalvo, Attorney at Law, New Orleans, LA, for third-party defendant Robert F. Farmigoni.

### ORDER

PORTEOUS, District Judge.

Before the Court, is American Casualty Insurance Company's ("American Casualty") motion for summary judgment under Fed.

R.Civ.P. 56(c). The Motion was taken under submission after oral arguments on the 9th of September 1995. After considering the record, briefs filed by counsel, the applicable law, and the legislative history, American Casualty's motion for summary judgment is, hereby, **DENIED.**

Federal Rule of Civil Procedure 56(c) states that summary judgment shall be rendered when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Fifth Circuit has explained that "[t]he Supreme Court has defined material facts as those that will affect the outcome of the lawsuit under governing law." *Meyers v. M/V Eugenio C*, 919 F.2d 1070, 1072 (5th Cir.1990); *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

## I.) FACTUAL BACKGROUND

On October 31, 1985, Mr. Farmigoni, Senior Vice President of First Financial Savings & Loan Association ("First Financial"), issued an Irrevocable Letter of Credit for the benefit of First National Bank ("First National") in the amount of $200,000.00. This Letter of Credit was subsequently presented for timely payment on two separate occasions in October of 1986; however, payment was denied on the basis that the Letter of Credit had not been issued by Mr. Farmigoni with the knowledge of First Financial. First National Bank asserted a claim in state court, later removed to federal court under 28 U.S.C. § 1441–negotiable instrument, for the $200,000.00 based upon First Financial's dishonor of the Letter of Credit. First Financial responded with a third party demand against Mr. Farmigoni based upon allegations of fraud and the improper issuance of a Letter of Credit. Hibernia Bank ("Hibernia")[1], taking the place of First Financial, amended their petition and named American Casualty as a defendant by asserting a claim

through the Louisiana Direct Action Statute, La.R.S. 22:655, for losses sustained by Hibernia due to the negligent actions of Mr. Farmigoni. Later, Hibernia filed its third amended complaint to assert a claim directly against Mr. Farmigoni for fraud and/or negligent misrepresentation in the issuance of the Letter of Credit. The American Casualty Director & Officer Policy contains the following language regarding the exclusions at issue:

3. Exclusions

(a) ... the Insurer shall not be liable to make any payment for Loss in connection with any claim made against the Directors or Officers:

(2) based upon or attributable to their gaining in fact any personal profit or advantage to which they were not legally entitled;

(5) brought about or contributed to by the dishonesty of the Directors or Officers. However, notwithstanding the foregoing, the Directors or Officers shall be protected under the terms of the policy as to any claims upon which suit may be brought against them, by reason of any alleged dishonesty on the part of the Directors or Officers, unless a judgment or other final adjudication thereof adverse to the Directors or Officers shall establish that acts of active and deliberate dishonesty committed by the Directors or Officers with actual dishonest purpose and intent were material to the cause of the action adjudicated.

American Casualty has requested summary judgment on both of the above exclusions.

## II.) FRE 410 REQUIRES EXCLUSION OF THE NOLO CONTENDERE PLEA

Federal Rule of Evidence 410 states, in pertinent part, as follows:

Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against

---

1. For reasons not pertinent to this case, Hibernia purchased First Financial and, as owner, is responsible for all of their potential liabilities.

the defendant who made the plea or was a participant in the plea discussions: ...

(2) a plea of nolo contendere ...

American Casualty argues that the words "the defendant" limit the exclusion of the nolo contendere plea to only Mr. Farmigoni, therefore, they can use the plea and the resulting judgment against Hibernia because the Bank is not "the party" that entered the plea. While American Casualty's argument is not without merit, this Court, respectfully, disagrees. Both plaintiff and defendant cite numerous cases in support of their positions, however, the Court finds none of these cases persuasive because they are not applicable to the novel issue before the Court. After further research of the case law, the Court has determined that this issue is res nova in the Federal Courts and must be decided based upon the Court's interpretation of the language of FRE 410, its legislative history, and the policies it seeks to promote.

The Court has reviewed the statutory history of FRE 410, perhaps the most complicated statutory history of any evidence rule, as comprehensively set out in *Wright & Graham, Federal Practice and Procedure: Evidence § 5341.* The Court notes that several changes in the text of FRE 410 have occurred and many of these changes concerned the breadth of the nolo contendere exclusion in subsequent proceedings. In the early 1970's, FRE 410 evolved from a total prohibition of nolo contendere pleas in subsequent proceedings, to its current form of excluding nolo contendere pleas only against the defendant that entered the plea.

The policy behind FRE 410 was validated in *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), where the Supreme Court announced that plea bargaining was "an essential component of the administration of justice," which if "properly administered, is to be encouraged." *Santobello,* 404 U.S. at p. 260, 92 S.Ct. at p. 498. FRE 410 simply puts a premium on "bargain justice"[2] and does not wish to deter defendants from compromising their criminal liability based upon their hesitancy to compromise all subsequent liability for the same act. The common law rule was that a plea of guilty was admissible, although hearsay, because it was an admission of a reliable sort. This common law rule has become less attractive with the creation of new plea agreements, such as nolo contendere, and as the concerns for efficiency have rivaled those of justice. *Wright at § 5342.* These exclusions, however, do not preclude the discovery of evidence surrounding the nolo contendere plea because this evidence is often reasonably calculated to lead to the discovery of admissible evidence as set forth in Fed. R.Civ.P. 26(b)(1). *Cupac, Inc. v. Mid–West Insurance Agency, Inc.,* 100 F.R.D. 440 (S.D.Ohio 1983).

The insurance company, American Casualty, is trying to use the nolo contendere plea, and subsequent judgment, against Hibernia so it will fall under the insurance policy exclusion and they will not be responsible for the claim. This Court will not allow the nolo contendere plea to be used as evidence for the summary judgment based on the exclusion set forth in FRE 410. While Hibernia is not "the defendant" that entered the plea, Mr. Farmigoni is a direct defendant to both American Casualty and Hibernia in this litigation. As mentioned in Weinstein's Evidence treatise, a nolo contendere should be treated as an admission for the purposes of the case in which the plea was made. In subsequent proceedings, whether arising from the same facts or not, neither the nolo plea nor the conviction based on the plea may be admitted as an admission or proof of guilt. *Weinstein at 410[06].* When a party aligned with the defendant's interest, such as in this case dealing with Hibernia's insurance for Mr. Farmigoni's negligence, the nolo contendere plea should not be used against "the defendant" even if his interest is once removed[3].

This Court will not allow the Louisiana Direct Action statute, La.R.S. 22:655, to cir-

---

**2.** *U.S. v. Brooks,* 536 F.2d 1137, 1139 (6th Cir. 1976).

**3.** The Court feels that Mr. Farmigoni's interest will be affected by the use of the nolo contendere plea by American Casualty to void Hibernia's insurance policy because of Hibernia's suit against him.

cumvent the policy established in FRE 410. The only reason American Casualty and Hibernia are parties to this case is based on Mr. Farmigoni's alleged negligent and/or fraudulent actions. Use of the nolo contendere plea by American Casualty against Hibernia will certainly affect Mr. Farmigoni's interest in this litigation. This Court believes that if there is fraud and/or personal benefit of Mr. Farmigoni in this case, it should be proved by evidence other than that contained in the nolo contendere plea, especially when considering the strict requirements placed on summary judgments as set forth in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

There has been no evidence offered to this Court by American Casualty resolving the remaining issues of material fact concerning the applicability of their insurance policy exclusions concerning fraud and/or personal profit. Mr. Farmigoni denies the alleged fraudulent activities regarding both the Letter of Credit [4] and the $50,000.00 he allegedly received in connection with the Letter of Credit.[5] For the reasons set forth above, American Casualty's motion for summary judgment is, hereby, **DENIED.**

---

4. See Mr. Farmigoni's deposition pp. 34–36 and pp. 40–44.

5. See Mr. Farmigoni's deposition pp. 44–46.