THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JAMES J. TAYLOR, Defendant-Appellee.

Fourth District   No. 4—96—0434

Opinion filed June 26, 1997.—Rehearing denied August 4, 1997.

Michael D. Clary, State's Attorney, of Danville (Larry S. Mills, Assistant State's Attorney, of counsel), for the People.

Thomas J. Mellen II, of Danville, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

In September 1994, defendant, James J. Taylor, was charged by two-count information with criminal sexual assault and aggravated criminal sexual assault. 720 ILCS 5/12—13(a)(2), 12—14(c) (West 1994). In May 1996, the trial court granted defendant's motion *in limine*, barring the State from introducing at trial statements he made during questioning by Danville police investigators regarding an alleged sexual assault. The State appeals. 145 Ill. 2d R. 604(a)(1). Defendant maintains the trial court ruled properly because the statements at issue were part of an unsuccessful plea discussion with police and inadmissible under Supreme Court Rule 402(f). 134 Ill. 2d R. 402(f). We disagree and reverse.

In the afternoon of August 30, 1994, Danville police investigators Gene Woodard and Keith Garrett brought defendant to the Vermilion County public safety building for an interview regarding a sexual assault complaint filed in which the victim named him as her assailant. The investigators also had defendant open the church where the crime allegedly occurred so they could execute a search warrant of the premises. The investigators questioned defendant at the public safety building for approximately 1 hour and 45 minutes.

At the start of the interview, Woodard advised defendant of his *Miranda* rights and defendant signed and initialed a form acknowledging he understood those rights. Defendant had been an auxiliary Danville police officer for some years and the investigators knew him personally prior to the interview. Defendant denied committing the act under investigation. In the latter half of the interview, defendant told the investigators about a prior occasion when he committed a traffic offense in Bloomington, went to court and pleaded no contest and received only a fine. He then asked the investigators what would happen to him if he pleaded "no contest" to the pending complaint. The investigators told defendant "[w]e ha[ve] no control over that. We don't do that" and made no promises of leniency to defendant.

Defendant neither offered to plead guilty nor asked for any specific concessions. After the interview, defendant was allowed to leave the building. Shortly thereafter, he was arrested and charged with aggravated criminal sexual assault and criminal sexual assault (720 ILCS 5/12—14(c), 12—13(a)(2) (West 1994)).

At his arraignment, defendant pleaded not guilty and requested a trial by jury. In May 1996, defendant filed a motion *in limine* requesting the State be barred from introducing at trial any statements made by him to the investigators regarding a no-contest plea. The court conducted a hearing on the motion, at which Woodard and Garrett testified. Defendant did not testify. After taking the case under advisement, the court ruled in defendant's favor on the motion, stating:

> "[T]he court feels that this statement [(set forth above)] was plea related and that the defendant, under all the circumstances, probably had a reasonable expectation in his own mind of some concession when he made that statement; that he was basically beginning the process of at least some sort of a plea-related negotiation."

■ On appeal, the State contends the court erred in finding defendant's statement plea related and inadmissible under Rule 402(f). Rule 402(f) provides as follows:

> "If a plea discussion does not result in a plea of guilty, or if a plea of guilty is not accepted or is withdrawn, or if judgment on a plea of guilty is reversed on direct or collateral review, neither the plea discussion nor any resulting agreement, plea, or judgment shall be admissible against the defendant in any criminal proceeding." 134 Ill. 2d R. 402(f).

The purpose of this rule is to encourage the negotiated disposition of criminal cases by eliminating the risk a jury will hear statements the defendant made while negotiating a plea. See *People v. Friedman*, 79 Ill. 2d 341, 351-52, 403 N.E.2d 229, 235 (1980). The characterization of a defendant's statement as plea related must turn on the facts of each case. *Friedman*, 79 Ill. 2d at 351-52, 403 N.E.2d at 235; *People v. Burns*, 188 Ill. App. 3d 716, 722, 544 N.E.2d 466, 470 (1989). *Not all statements made in hopes of some concessions by the State are necessarily plea discussions. People v. Victory*, 94 Ill. App. 3d 719, 722, 419 N.E.2d 73, 76 (1981); *People v. Rolih*, 233 Ill. App. 3d 484, 488, 599 N.E.2d 194, 197 (1992). Accordingly, not all statements, however damaging they might be, are insulated within the ambit of Rule 402(f). See *People v. Tennin*, 123 Ill. App. 3d 894, 897, 463 N.E.2d 202, 204-05 (1984) (and cases cited therein).

■ The relevant inquiries in determining whether a particular statement is plea related are (1) whether the accused exhibited a

subjective expectation to negotiate a plea and (2) whether this expectation was reasonable under the totality of the circumstances. *Friedman*, 79 Ill. 2d at 351, 403 N.E.2d at 235. Despite the fact-specific nature of the issue presented, where, as here, neither the facts nor credibility of the witnesses is contested, the issue is a legal question which a reviewing court may consider *de novo*. See *People v. Garriott*, 253 Ill. App. 3d 1048, 1050, 625 N.E.2d 780, 783 (1993).

The State contends the trial court erred in finding defendant's statement inadmissible because there was no evidence presented at the motion hearing regarding his subjective intent in making the statement and because any expectation his comments would be considered as plea negotiation was not objectively reasonable under the totality of the circumstances.

■ First, we examine whether defendant exhibited a subjective expectation of negotiating a plea. Defendant did not testify regarding his subjective expectations in making the statement at issue. Where a defendant's subjective expectations are not explicit, a court may look to the objective circumstances surrounding the statement in evaluating whether it was plea related. *Friedman*, 79 Ill. 2d at 353, 403 N.E.2d at 236; *Tennin*, 123 Ill. App. 3d at 897, 463 N.E.2d at 205.

At the time of this interview, defendant had not been formally charged with any offense. No assistant State's Attorney was present, defendant was personally acquainted with the investigators interviewing him, and he had not requested the presence of counsel. Woodard testified defendant was calm during the interview and was talking freely with the investigators. Defendant made the statement at issue in the course of telling the investigators an anecdote about a previous traffic offense for which he was only fined following his entry in that case of a no-contest plea. In questioning by defense counsel at the motion hearing, Garrett acknowledged it was his impression when defendant related the Bloomington incident, he was trying to dispose of the present matter "without actually saying that he had done anything wrong." As stated, defendant did not *offer* to plead guilty or plead *nolo contendere*.

The hypothetical nature of defendant's question ("if [I] went to court and would plead no contest *** what would happen [?]") demonstrates he was merely seeking information. He did not ask for any concessions nor were any offered. Nothing in defendant's demeanor or the surrounding circumstances suggests he felt compelled, at that time, to make a decision regarding the course of action to take in response to the victim's allegations.

In *Victory*, after the defendant was arrested, he was transported to the county jail by police officers. While en route to the jail, the de-

fendant stated to one officer he realized he was charged with a Class X felony for which he could get a maximum sentence of 30 years. The defendant stated to the officer he could not " 'afford to take an armed robbery charge, and that he would [be willing to] accept 10 years, and would the State's Attorney be willing to plea bargain.' " *Victory*, 94 Ill. App. 3d at 721, 419 N.E.2d at 75. The officer advised the defendant he did not know and told the defendant he should contact the State's Attorney. Another officer transporting the defendant to jail testified the defendant knew he was charged with a Class X felony and wondered " 'what type of an arrangement could be made with the State's Attorney's Office.' " *Victory*, 94 Ill. App. 3d at 721, 419 N.E.2d at 75.

The *Victory* court interpreted the defendant's comments to the officers as expressions of concern regarding the duration of his possible incarceration, designed to elicit their opinion on that issue rather than to initiate plea negotiations. The court concluded the defendant was not asking the officers to plea bargain or convey any plea offer to the State's Attorney but was determining if the State's Attorney did plea bargain, to soothe his anxiety. *Victory*, 94 Ill. App. 3d at 723-24, 419 N.E.2d at 77. Similarly here, we interpret defendant's question as an attempt to elicit the opinions of the officers and not as the initiation of a plea negotiation. Like the statements analyzed in *Victory*, defendant's comments appear to be in the nature of speculation regarding the possible sentence and curiosity as to what would happen if he entered a no-contest plea, rather than a subjective expectation of initiating a plea discussion.

Before a statement may be characterized as plea related, "it must contain the rudiments of the negotiation process, *i.e.*, a willingness by defendant to enter a plea of guilty in return for concessions by the State." *Friedman*, 79 Ill. 2d at 353, 403 N.E.2d at 236; accord *Tennin*, 123 Ill. App. 3d 894, 463 N.E.2d 202. In *Friedman*, the supreme court held the defendant made an inadmissible plea-related statement when he said he wanted to make a deal and stated generally the bargaining terms. *Friedman*, 79 Ill. 2d at 352, 403 N.E.2d at 235. The State argues because defendant did not (1) *offer to plead guilty* and (2) *ask for any concession(s)* by the State in exchange, his discourse with the officers did not contain the rudiments of the negotiation process, as required by *Friedman*. We agree.

In *Rolih*, during a search of his home but prior to his arrest, the defendant stated " 'he wished to cooperate in any way possible for future consideration of the charges that would be pending against him' " and that " 'he would do anything to assist [police] which would in turn assist him with—in consideration of the charges.' " *Rolih*,

233 Ill. App. 3d at 486, 599 N.E.2d at 196. The court found the defendant's statements did not show he was willing to plead guilty to charges against him and did not indicate under what terms the defendant would be willing to bargain. Thus, the court concluded, the rudiments of a negotiated plea were lacking and the statements were admissible. *Rolih*, 233 Ill. App. 3d at 489, 599 N.E.2d at 198.

Similarly here, we do not interpret defendant's description of his previous experience entering a no-contest plea, in a traffic case, as a proposal of bargaining terms for this case, where defendant was being questioned regarding an alleged sexual assault. During the interview, defendant denied the allegations against him and did not indicate he would plead guilty to any charge based on those allegations. Based on the objective circumstances surrounding his statement, we conclude defendant referred to his previous no-contest plea only as a means of soliciting information from the officers and not to initiate negotiations. The statement is not barred by Rule 402(f).

Last, defendant contends the evidence regarding his alleged offer to plead no contest has no probative value on the issue of innocence or guilt but would have an extremely prejudicial effect on a jury and should, therefore, be excluded.

Defendant relies on our decision in *People v. Connolly*, 186 Ill. App. 3d 429, 542 N.E.2d 517 (1989). *Contra Tennin*, 123 Ill. App. 3d 894, 463 N.E.2d 202. The *Connolly* court found the defendant's statement was not so clearly a demonstration of the defendant's willingness to bargain as that in *Friedman*, but recognizing the devastating effect it could have at trial, ruled to exclude it. We are unwilling to extend that ruling to bar the defendant's statement here.

There were no charges filed nor the requisite indicia of a negotiation attempt by defendant during the conversation at issue; accordingly, we reverse the trial court's order barring the introduction of defendant's statement pursuant to Rule 402(f).

Reversed.

GREEN and McCULLOUGH, JJ., concur.